1   **THE LAW OFFICE OF NED GARN PLLC**
    **Ned Garn**
2   738 N. 5th Avenue Ste. 220
    Tucson, Arizona 85705
3   (520) 624-4075
    nedgarn@hotmail.com
4   PCCN 65347/AZBN 019474
    Attorney for Plaintiffs
5

6               IN THE UNITED STATES DISTRICT COURT

7               FOR THE DISTRICT OF ARIZONA

8
    MARIA DONA MONTAÑO HERNANDEZ,          )    No.  CV-09-00626-TUC-CKJ
9   individually and as next best friend of  )
    L.M. and C.M.;                          )    FIRST AMENDED COMPLAINT
10  RAMON ADRIAN HERNANDEZ BORBON,          )
    individually and as next best friend of  )    (Jury Trial Demanded)
11  V.H., Dy.E.H. and Da.E.H.;              )
    MARTHA HERNANDEZ;                       )
12  SERVANDO MACARIO HERNANDEZ;             )
    CASTULO ORLANDO MACARIO HERNANDEZ;      )
13  ADRIAN R. HERNANDEZ; and                )
    JOSE D. HERNANDEZ;                      )
14                                          )
              Plaintiffs,                   )
15                                          )
    vs.                                     )
16                                          )
    THE UNITED STATES OF AMERICA;           )
17  COLLEEN AGLE; DALE ANDERSON;            )
    SILVIO BARRERA; OSCAR CORNEJO;          )
18  RICHARD CORNING; ROBERT D.T. DELANEY;   )
    ARMAND HINOJOSA; RANDY HUNT;            )
19  JAMES JONES; DAVID KATZ;                )
    IGNACIO LUEVANO; JOSEPH McANALLY;       )
20  KYLE McCORMICK; HUGH McNAMARA;          )
    CARLOS MORENO; BRET MORRIS;             )
21  DANIEL O'CONNOR; DAVE PHILLIPS;         )
    CHRISTIAN PORRAS; JOSHUA RAMIREZ;       )
22  CHARLES STINSON; RODNEY WALLACE;        )
    GLEN ORTIZ; IVAN GAMEZ;                 )
23  MARK WILKINSON; LAW ENFORCEMENT         )
    JOHN DOES 1-10; and                     )
24  LAW ENFORCEMENT JANE DOES 1-10,         )
                                            )
25            Defendants.                   )
                                            )
26  _____)

27          Plaintiffs, by and through their undersigned counsel, for their cause of action complain

28  and allege as follows:

                                1

## I.  PRELIMINARY STATEMENT

1.  This is an action for money damages on behalf of Plaintiffs, alleging that the Defendant Federal Border Patrol agents violated Plaintiffs' constitutional right to be secure from unreasonable searches and seizures, right to be free from the deprivation of liberty and/or property without due process of law, freedom of movement, and right of privacy.  Such rights arise under the First, Fourth, and Fifth Amendments to the United States Constitution and conspired to do so due to Plaintiffs' race in violation of 42 U.S.C. § 1985(3).  Defendants violated these rights by the harassment, intimidation, arrest, search and seizure and, as well as the physical and mental abuse inflicted on the Plaintiffs by Defendants named herein.  This is also an action against the United States alleging that its agents injured Plaintiffs tortiously.  This is also an action against Defendants Wilkinson, Ortiz and Gamez under 42 U.S.C. §1983.

## II.  JURISDICTION AND VENUE

2.  This action arises under the First, Fourth, and Fifth Amendments to the United States Constitution and the Federal Tort Claims Act, 28 U.S.C. §§2671, et seq.  This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §1331 and 28 U.S.C. § 1346(b).

3.  Venue is proper within the District of Arizona as all acts referred to herein occurred within the District of Arizona.  In addition, Plaintiffs reside and are domiciled within the District of Arizona and are U.S. citizens or U.S. resident aliens.  Moreover, upon information and belief, Plaintiffs allege that the Border Patrol Defendants (i.e., those other than Defendant United States) reside within the District of Arizona.

4.  The United States has waived immunity as to the tort claims asserted against it herein in 28 U.S.C. §§ 1346(b), 2674 and  2680(h).

5.  Each Plaintiff presented a timely administrative claim to the United States Border Patrol.  Each claim was denied on June 9, 2009.

6.  The amount in controversy, exclusive of interest and costs, exceeds $75,000.

## III.  PLAINTIFFS

7.  Plaintiff Maria Dona Montaño Hernandez is a United States resident alien who at all times relevant hereto resided in Douglas, Arizona.

2

1     8.  Plaintiffs L.M. and C.M. are minors and are the natural children of Plaintiff Maria

2   Dona Montaño Hernandez.  This action is brought on behalf of these minor plaintiffs by Maria

3   Dona Montaño Hernandez as next best friend.  These minor plaintiffs are United States citizens.

4     9.  Plaintiff Ramon Adrian Hernandez Borbon is a United States resident alien who at all

5   times relevant hereto resided in Douglas, Arizona.

6     10.  Plaintiff Martha Hernandez is a United States resident alien who at all times relevant

7   hereto resided in Douglas, Arizona and is married to Plaintiff Ramon Adrian Hernandez Borbon.

8     11.  Plaintiffs V.H.; Dy.E.H., and Da.E.H. are minors and are the natural children of

9   Plaintiffs Ramon Adrian Hernandez Borbon and Plaintiff Martha Hernandez.  This action is

10   brought on behalf of these minor plaintiffs by Ramon Adrian Hernandez Borbon as next best

11   friend.  These minor plaintiffs are United States citizens.

12     12.  Plaintiff Adrian R. Hernandez is a United States citizen who at all times relevant

13   hereto resided in Douglas, Arizona.

14     13.  Plaintiff Jose D. Hernandez is a United States citizen who at all times relevant hereto

15   resided in Douglas, Arizona.

16     14.  Plaintiff Servando Macario Hernandez is a United States resident alien who at all

17   times relevant hereto resided in Douglas, Arizona.

18     15.  Plaintiff Castulo Orlando Macario Hernandez is a United States resident alien who at

19   all times relevant hereto resided in Douglas, Arizona.

20     16.  Plaintiffs are Hispanic.

21              **IV.  DEFENDANTS**

22     17.  At all times herein mentioned, Defendant Hugh McNamera;

23   Defendant Colleen Agle; Defendant Dale Anderson; Defendant Silvio Barrera; Defendant Oscar

24   Cornejo; Defendant Richard Corning; Defendant Robert D.T. Delaney;  Defendant Armand

25   Hinojosa; Defendant Randy Hunt; Defendant James Jones; Defendant David Katz; Defendant

26   Ignacio Luevano; Defendant Joseph McAnally; Defendant Kyle McCormick; Defendant Carlos

27   Moreno; Defendant Bret Morris; Defendant Daniel O'Connor; Defendant Dave Phillips;

28   Defendant Christian Porras; Defendant Joshua Ramirez; Defendant Charles Stinson; Defendant

1    Rodney Wallace; Defendants Border Patrol Agent John Does 1-50; and Defendants Border Patrol

2    Agent Jane Does 1-50 were employed by the United States Border Patrol.  The foregoing

3    defendants are collectively referred to hereinafter as the "Border Patrol Defendants."

4          18.  The United States Border Patrol is a federal law enforcement agency within U.S.

5    Customs and Border Protection (CBP), a component of the Department of Homeland Security

6    (DHS).

7          19.  All acts alleged against Defendant the United States of America were performed by

8    its agents, to-wit the Border Patrol Defendants.

9          20.  Border Patrol Defendants acted under color of Federal law and engaged in Federal

10   action during all acts alleged hereafter and were at all times relevant hereto acting within the

11   scope of their office or employment for purposes of 28 U.S.C. § 1346(b)(1) and incident to law

12   enforcement activities.

13         21.  All acts complained of herein occurred in the Border Patrol's Tucson sector, and

14   specifically in Douglas, Arizona and occurred while the agents executed a search, seized

15   evidence, and/or the making an arrest and constituted law enforcement activity for purposes of

16   the law enforcement exception created by 28 U.S.C. § 2680(h).

17         22.  Fictitious Defendants Border Patrol Agents John Does 1-50 and Border Patrol

18   Agents Jane Does 1-50 are United States Border Patrol Agents employed at the Douglas Station

19   in December 2007 whose precise identity is not known who participated in the misconduct

20   alleged herein and whose identities will be revealed through discovery.

21         23.  Fictitious Defendants Law Enforcement John Does 1-10 and Law Enforcement Jane

22   Does 1-10 were State and Federal law enforcement agents as of December 2007 whose precise

23   identity is not known who participated in the misconduct alleged herein and whose identities will

24   be revealed through discovery.

25         24.  Plaintiffs allege that Defendant McNamera had a supervisory position over the other

26   Border Patrol agents named as Defendants herein.

27         25.  Plaintiffs sue Border Patrol Defendants in their individual capacities, for the

28   monetary relief hereafter requested on the grounds set forth herein.

4

1     26.  Border Patrol Defendants were personally involved in the misconduct alleged herein.

2     27.  Defendant Glen Ortiz was a deputy with the Cochise County Sheriff's Department

3  who was present at the Property on December 23, 2007.

4     28.  Defendant Ivan Gamez was a deputy with the Cochise County Sheriff's Department

5  who was present at the Property on December 23, 2007.

6     29.  Upon information and belief, Plaintiffs allege that Defendant Mark Wilkinson was a

7  police officer with the Douglas Police Department who was present at the Property on December

8  23, 2007.

9  **V.  PRINCIPAL FACTUAL ALLEGATIONS OF PLAINTIFFS**

10     30.  On December 23, 2007, Border Patrol agents, including Defendant Hugh McNamera,

11  Defendant Colleen Agle; Defendant Dale Anderson; Defendant Silvio Barrera; Defendant Oscar

12  Cornejo; Defendant Richard Corning; Defendant Robert D.T. Delaney;  Defendant Armand

13  Hinojosa; Defendant Randy Hunt; Defendant James Jones; Defendant David Katz; Defendant

14  Joseph McAnally; Defendant Kyle McCormick; Defendant Carlos Moreno; Defendant Bret

15  Morris; Defendant Daniel O'Connor; Defendant Dave Phillips; Defendant Christian Porras;

16  Defendant Joshua Ramirez; Defendant Charles Stinson; and Defendant Rodney Wallace

17  (collectively the "Property Defendants") intruded on a family gathering held at 2338 E. Dahlia St.

18  Douglas, Arizona 85607 ("the Property") owned by Plaintiffs Ramon and Martha Hernandez.

19     31.  Defendants Hugh McNamera, Daniel O'Connor, James Jones, and Dave Phillips

20  were Supervisory Border Patrol Agents. The remainder of the Property Defendants were Border

21  Patrol Agents.

22     32.  The Property Defendants identified in the foregoing paragraphs entered the yard of

23  the Property and threw Plaintiffs Maria Dona Montaño Hernandez, Ramon Adrian Hernandez

24  Borbon, and Servando Macario Hernandez to the ground and beat each of them without

25  provocation or legal justification for several minutes.  There were approximately 20 agents

26  present.

27     33.  The property was surrounded by a fence and measured approximately 8,892 square

28  feet with improvements of 1,377 square feet thereon.

5

34. When asked by Cochise County Sheriff Deputy Defendant Gamez why he was restraining one of the plaintiffs, Defendant McNamera stated "he did not know." Attachment A, Cochise County Sheriff's Department Report for Incident No. 07-23120.

35. Plaintiffs Maria Dona Montaño Hernandez, Ramon Adrian Hernandez Borbon, and Servando Macario Hernandez were each beaten by several agents and were stepped on and knelt upon while on the ground.

36. The beating of Plaintiff Maria Hernandez was observed by two of her minor children, minor Plaintiffs L.M. and C.M., who were nearby in a parked vehicle. L.M., then 11 years old, exited the vehicle and told Property Defendants to leave his mother alone; an agent responded by throwing the boy against the vehicle.

37. Seeing the assaults on his family members, Plaintiff Castulo Orlando Macario Hernandez ran into the home.

38. The Property Defendants forced the door of the home open enough to present their weapons inside the house. Plaintiff Castulo Orlando Macario Hernandez advised the Border Patrol Defendants that there were children within the house.

39. Ignoring this information, the Property Defendants released pepper spray into the house.

40. Plaintiff Martha Hernandez was present inside the house and escorted her five children, Plaintiffs Adrian R. Hernandez, Jose D. Hernandez, V.H., Dy.E.H., and Da.E. H. (ranging from 18 to 1 year old) into another part of the house. (The youngest of the children is a special needs child.) All of the occupants of the house were exposed to and adversely affected by the gas thrown into the house.

41. The Property Defendants entered the house with weapons drawn, threw Plaintiff Castulo Orlando Macario Hernandez to the floor and beat him for several minutes.

42. Plaintiffs Maria Dona Montaño Hernandez, Ramon Adrian Hernandez Borbon, Castulo Orlando Macario Hernandez and Servando Macario Hernandez were arrested and detained by Defendants Defendant Hugh McNamera, Defendant Silvio Barrera; Defendant Robert D.T. Delaney;  Defendant Armand Hinojosa;  Defendant James Jones; Defendant David

6

1    Katz; Defendant Ignacio Luevano; Defendant Joseph McAnally; Defendant Bret Morris;

2    Defendant Joshua Ramirez; and Defendant Rodney Wallace.  The arrest and detention of

3    Plaintiffs was authorized by Defendant Ignacio Luevano, a Fields Operations Supervisor.

4         43.  All of the occupants of the house were threatened by drawn weapons wielded by the

5    Property Defendants.  Property Defendants damaged the house and personal property inside the

6    house.

7         44.  Officers from the Douglas Police Department and the Cochise County Sheriff's

8    Department arrived at the Property as a result of seeing a number of Border Patrol vehicles

9    approaching the residence and due to a 911 call by Plaintiff V.H.

10         45.  Border Patrol Defendants refused to advise the officers from other law enforcement

11    agencies what was happening on the Property.  Attachment A, Cochise County Sheriff's

12    Department Report for Incident No. 07-23120.

13         46.  Property Defendants (including Defendants McNamera, O'Connor, Jones, and

14    Phillips), not only directly participated in the assaults, detentions, and arrests but also failed to

15    intervene to prevent the other agents from using excessive and illegal force and participated by

16    providing armed backup.

17         47.  All Border Patrol Defendants were integral participants who all participated together

18    in a meaningful fashion to effect the search and seizure and assaults on Plaintiffs.

19         48.  Defendants Ortiz, Gamez and Wilkinson were law enforcement officers with other

20    agencies who responded to scene and witnessed the assaults and detentions of Plaintiffs by the

21    Property Defendants alleged herein.

22         49.  Defendants Ortiz and Gamez could not obtain an explanation of what was happening

23    from the Property Defendants.

24         50.  Nevertheless, Defendants Wilkinson, Ortiz and Gamez failed to intervene and

25    prevent the use of excessive force by the Border Patrol Agents.  Defendant Gamez in fact

26    assisted Defendant McNamera in restraining one of the Plaintiffs.

27         51.  The Property Defendants had a duty to intervene to prevent excessive force and failed

28    to do so, particularly those Supervisory Border Patrol Agents who were present.

1    52.  Each of the above acts by the Property Defendants alleged above occurred in the

2    home or within the small enclosed yard of the Property and thus within its curtilage.

3    53.  After being assaulted and beaten by the Property Defendants, Plaintiffs were asked

4    for their papers which they produced.  Plaintiffs Maria Dona Montaño Hernandez, Ramon Adrian

5    Hernandez Borbon, Servando Macario Hernandez, and Castulo Orlando Macario Hernandez

6    were then handcuffed and roughly thrown into Border Patrol vehicles and left in the stationary

7    vehicles for an extended period of time by the Property Defendants.

8    54.  Plaintiff Castulo Orlando Macario Hernandez' arms were pulled back violently

9    during the handcuffing.

10    55.  Supervisory Border Patrol Agents present then told Defendants Gamez and Ortiz

11    that they were investigating a thrown shovel.

12    56.  Defendants Ortiz and Gamez left the scene.

13    57.  Plaintiffs Maria Dona Montaño Hernandez, Ramon Adrian Hernandez Borbon,

14    Servando Macario Hernandez, and Castulo Orlando Macario Hernandez were transported to the

15    Douglas Border Patrol station by Defendant Christian Porass, Defendant Carlos Moreno,

16    Defendant Charles Stinson and Defendant Oscar Cornejo (collectively the Post Property

17    Defendants).

18    58.  Once at the station, Plaintiff Castulo Orlando Macario Hernandez was forced to

19    undress by the Post Property Defendants.

20    59.  Plaintiffs Maria Dona Montaño Hernandez and Ramon Adrian Hernandez Borbon

21    were released after being held for several hours at the station by the Post Property Defendants.

22    60.  Plaintiffs Servando Macario Hernandez and Castulo Orlando Macario Hernandez

23    were detained at the station until approximately 4 a.m. by the Post Property Defendants

24    61.  Plaintiff Castulo Orlando Macario Hernandez asked the Post Property Defendants if

25    he could contact his wife to pick them up, but was told that the Post Property Defendants would

26    take them home.

27    62.  The Post Property Defendants however dropped Plaintiffs Servando Macario

28    Hernandez and Castulo Orlando Macario Hernandez off on the side of the highway in the cold

8

1   December night and refused to take them any further.  The Post Property Defendants laughed at

2   Plaintiffs Servando Macario Hernandez and Castulo Orlando Macario Hernandez as they

3   dropped them off on the roadside.

4       63.  It took Plaintiffs Servando Macario Hernandez and Castulo Orlando Macario

5   Hernandez approximately 20 minutes to walk to a phone.

6       64.  While at the station, the Post Property Defendants warned each Plaintiff that they

7   would be deported should they complain about the Border Patrol Defendants' misconduct that

8   night.

9       65.  At no time did Border Patrol Defendants have any reasonable suspicion based on

10  specific articulable facts, that any Plaintiff was an alien illegally in the United States.

11      66.  At no time did Border Patrol Defendants have any reasonable suspicion that Plaintiffs

12  were in violation of any law.

13      67.  At no time did Border Patrol Defendants have any probable cause that Plaintiffs were

14  in violation of any law.

15      68.  At no time was the interaction between Border Patrol Defendants and Plaintiffs

16  consensual.

17      69.  At no time did any Plaintiff commit a crime in Border Patrol Defendants' presence.

18      70.  At no time did Border Patrol Defendants present or announce a warrant and upon

19  information and belief Plaintiffs allege no such warrant was obtained.

20      71.  At no time did Border Patrol Defendants announce their purpose.

21      72.  At no time did Border Patrol Defendants tell Plaintiffs that they were being arrested

22  or the basis for such arrest.

23      73.  At no time was any Plaintiff armed or showing aggression.

24      74.  At no time did any Plaintiff throw a shovel or any other object.

25      75.  At no time did any Plaintiff attempt to leave the Property.

26      76.  At no time did Plaintiffs resist Border Patrol Defendants.

27      77.  At no time did Plaintiffs physically or verbally provoke Border Patrol Defendants.

28      78.  There were no exigent circumstances present.

9

1    79.  Border Patrol Defendants used physical force and a show of authority to restrain

2    Plaintiffs' liberty.

3    80.  Plaintiffs were subjected to search and seizure by Border Patrol Defendants.

4    81.  The search and seizure of Plaintiffs was wholly unreasonable.

5    82.  Border Patrol Defendants thereafter refused the request of the Cochise County

6    Sheriff's Department to identify the Border Patrol participants and produce their reports for the

7    incident.

8                                         **COUNT ONE**
                              **CONSTITUTIONAL VIOLATIONS (BIVENS)**
9                        **(AS AGAINST BORDER PATROL DEFENDANTS)**

10    83.  Plaintiffs hereby reallege and incorporate as though fully set forth herein all of the

11    allegations contained in the preceding paragraphs.

12    84.  Border Patrol Defendants lacked any reasonable suspicion or probable cause to

13    support the detention and arrest of Plaintiffs.

14    85.  The Property Defendants lacked any legal authority to enter the Property curtilage or

15    the house thereon.

16    86.  The Property Defendants' conduct while on the Property and The Post Property

17    Defendants thereafter at the station involved excessive force and was unreasonable.

18    87.  The constitutional rights violated by Border Patrol Defendants were clearly

19    established by settled law.

20    88.   It would have been clear to any reasonable officer that Border Patrol Defendants'

21    conduct violated the above rights and that the force used was excessive.

22    89.  Border Patrol Defendants violated Plaintiffs' constitutional right to be secure from

23    unreasonable searches and seizures, right to be free from the deprivation of liberty and/or

24    property without due process of law, and right to freedom of movement and privacy.  Such

25    misconduct constitutes violations of the First, Fourth, and Fifth Amendments of the United States

26    Constitution.

27    90.  Border Patrol Defendants' actions were motivated by a desire to deprive Plaintiffs of

28    their rights the First, Fourth, and Fifth Amendments of the United States Constitution and a

10

malicious purpose to harm Plaintiffs.

91.  Plaintiffs bring this claim pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) and progeny.

92.  Plaintiffs have no other federal remedy for these constitutional violations.

93.  As a proximate result of Border Patrol Defendants' Constitutional violations alleged herein, Plaintiffs have suffered personal injuries and property damages, emotional distress the nature and full extent of which are not at the present time fully known, but in an amount to be made certain at trial.

94.  The Border Patrol Defendants' conduct was wanton, wilful, malicious, and reprehensible.  It caused physical and emotional injuries, demonstrated an indifference to safety of others, and was repeated against multiple victims or an extended period of time, including minor children.  Border Patrol Defendants' conduct therefore warrants imposition of punitive damages.

95.  The Border Patrol Defendants' unconstitutional and unauthorized conduct exceeded the their constitutional and statutory authority.

## COUNT TWO
### ASSAULT
### (AS AGAINST DEFENDANT
### THE UNITED STATES OF AMERICA)

96.  Plaintiffs hereby reallege and incorporate as though fully set forth herein all of the allegations contained in the preceding paragraphs.

97.  Defendant United States, in violation of the rights of the Plaintiffs and without their consent, did intentionally and proximately cause them to suffer reasonable apprehension of immediate harmful and/or offensive contact to Plaintiffs' persons.

98.  As a result of this assault, Plaintiffs were physically and emotionally injured, suffered severe and grievous psychological injuries and dignitary harm, the nature and full extent of which are not at the present time fully known, but in an amount to be made certain at trial.

99.  The tort of assault is recognized in the state where Defendant's acts occurred; to-wit:

11

1    Arizona.

2                              **COUNT THREE**
                                **BATTERY**
3                          **(AS AGAINST DEFENDANT**
                         **THE UNITED STATES OF AMERICA)**
4
         100.  Plaintiffs hereby reallege and incorporate as though fully set forth herein all of the
5
     allegations contained in the preceding paragraphs.
6
         101.  Defendant United States, in violation of the rights of the Plaintiffs and without their
7
     consent, did intentionally and proximately cause immediate harmful and/or offensive contact to
8
     Plaintiffs' persons.
9
         102.  As a result of this battery, Plaintiffs have been severely injured physically and
10
     emotionally and suffered severe and grievous psychological injuries and dignitary harm, the
11
     nature and full extent of which are not at the present time fully known, but in an amount to be
12
     made certain at trial.
13
         103.  The tort of battery is recognized in the state where Defendant's acts occurred; to-
14
     wit: Arizona.
15
                               **COUNT FOUR**
16                    **FALSE ARREST/FALSE IMPRISONMENT**
                          **(AS AGAINST DEFENDANT**
17                      **THE UNITED STATES OF AMERICA)**

18       104.  Plaintiffs hereby reallege and incorporate as though fully set forth herein all of the

19   allegations contained in the preceding paragraphs.

20       105.  Defendant United States intentionally acted in a manner to confine and restrain

21   Plaintiffs to a bounded area by improper use of legal authority.

22       106.  Defendant's acts proximately caused Plaintiffs to be confined and restrained to a

23   bounded area.

24       107.  Defendant United States lacked reasonable grounds to believe that Plaintiffs

25   committed or were committing a felony or misdemeanor.

26       108.  Plaintiffs were at all times aware of their confinement.

27       109.  As a result of this battery, Plaintiffs have been severely injured physically and

28   emotionally and suffered severe and grievous psychological injuries and dignitary harm, the

nature and full extent of which are not at the present time fully known, but in an amount to be made certain at trial.

110.   The torts of false imprisonment and false arrest are recognized in the state where Defendant's acts occurred; to-wit: Arizona.

### COUNT FIVE
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (AS AGAINST DEFENDANT
### THE UNITED STATES OF AMERICA)

111.   Plaintiffs hereby reallege and incorporate as though fully set forth herein all of the allegations contained in the preceding paragraphs.

112.   Plaintiffs were within the zone of danger of their family relatives such that Defendant's acts created an unreasonable risk of bodily harm to Plaintiff.

113.   Plaintiffs experienced emotional distress from witnessing injuries to close family members.

114.   As a direct and proximate result of Defendant United States' acts, Plaintiffs suffered extreme emotional distress and shock manifested as physical injury, the nature and full extent of which are not at the present time fully known, but in an amount to be made certain at trial.

115.   The tort of negligent infliction of emotional distress is recognized in the state where Defendant's acts occurred; to-wit: Arizona.

### COUNT SIX
### VIOLATION OF 42 U.S.C. § 1983
### FOR DEPRIVATION OF RIGHTS UNDER COLOR OF STATE LAW
### (AS AGAINST DEFENDANTS WILKINSON, ORTIZ AND GAMEZ)

116.   Defendants Wilkinson, Gamez and Ortiz as law enforcement officers employed by the Cochise County Sheriffs Department and/or Douglas Police Department acted under color of state law at all times relevant hereto.

117.   Defendants Wilkinson, Gamez and Ortiz subjected Plaintiffs to a deprivation of rights secured by the Constitution and laws of the United States, specifically the Fourth Amendment, by failing to intervene to prevent the unreasonable search and seizure and use of excessive force by other law enforcement officers occurring in their presence.

13

1    118.  Defendant Gamez himself actively participated in the unreasonable search and

2    seizure of Plaintiffs without any justification.

3    119.  Defendants Wilkinson, Gamez and Ortiz had reason to know that excessive force

4    was being used and that the search and seizure was unreasonable as the Border Patrol Agents

5    refused to tell them why they were restraining, beating and assaulting Plaintiffs and from the

6    extensive nature of the beating and Plaintiffs' lack of resistance.

7    120.   Defendants Wilkinson, Gamez and Ortiz  had a realistic opportunity to intervene to

8    prevent the harm from occurring and failed to do so.

9    121.  Defendants Wilkinson, Gamez and Ortiz acted and failed to act with deliberate or

10   reckless indifference to Plaintiffs' constitutional rights.

11   122.  The right to such intervention was clearly established in law.

12   123.  As a direct and proximate result of Defendants Wilkinson's, Gamez' and Ortiz' acts

13   and omissions, Plaintiffs have been severely injured physically and emotionally and suffered

14   severe and grievous psychological injuries and dignitary harm, the nature and full extent of which

15   are not at the present time fully known, but in an amount to be made certain at trial.

16   **COUNT SEVEN**
     **CONSPIRACY TO DEPRIVE**
17   **PLAINTIFFS OF EQUAL PROTECTION**
     **IN VIOLATION OF 42 U.S.C. §1985(3)**
18   **(AS AGAINST BORDER PATROL DEFENDANTS)**

19   124.  Plaintiffs hereby reallege and incorporate as though fully set forth herein, all of the

20   allegations in the preceding paragraphs.

21   125.  Border Patrol Defendants entered a conspiracy to deprive Plaintiffs of equal

22   protection under the law due to Plaintiffs' race.

23   126.  Border Patrol Defendants did act to further such conspiracy, to wit: assaulting,

24   searching and seizing Plaintiffs without justification; threatening to deport Plaintiffs if they

25   complained; and thereafter concealing their misconduct from law enforcement agencies and

26   others and refusing to identify the participants under Freedom of Information requests.

27   127.  As a result of the conspiracy and acts in furtherance, Plaintiffs have suffered

28   property damage, physical injury, deprivation of their rights to compensation from each of those

14

1    agents responsible.

2         WHEREFORE, Plaintiffs request that this Court:

3         1. Award compensatory damages against the Defendants in an amount not less than

4    $7,503,000;

5         2. Award punitive damages against the Border Patrol Defendants;

6         3. Award the costs of this action including reasonable attorney's fees to the Plaintiffs;

7         4. Order that a jury trial be granted as to all claims for which jury trial is permitted; and

8         5. Award such other and further relief as this Court may deem appropriate.

9         DATED this 18th day of November, 2009.

10                                        **THE LAW OFFICE OF**
                                          **NED GARN PLLC**

11

12                                        s/ Ned Garn
                                          **Ned Garn**
13                                        738 N. 5th Avenue Ste. 220
                                          Tucson, AZ 85705
14                                        (520) 624-4075
                                          Attorney for Plaintiffs

15

16
     I certify that I electronically
17   transmitted the foregoing
     document to the Clerk's Office
18   using the CM/ECF System
     on November 18, 2009.
19
     /S/ Ned Garn
20   Ned Garn

21

22

23

24

25

26

27

28

                                        15